UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LARRY D. CHEATHAM,

    Plaintiff,

v.

                              File No. 2:12-CV-381

RONALD BAILEY, et al.,
                              HON. ROBERT HOLMES BELL

    Defendants.
                                  /

## **O P I N I O N**

A jury trial was held in this matter from October 9, 2014, through October 10, 2014. On October 10, the jury returned a verdict in favor of Defendants (ECF No. 111), and judgment was entered against Plaintiff (ECF No. 112). This matter is before the Court on Plaintiff's motion for a new trial. (ECF No. 115.) For the reasons that follow, the motion will be denied.

### I.

After a jury trial, the Court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). The Sixth Circuit has interpreted this Rule to "require a new trial only when a jury has reached a 'seriously erroneous' result as evidenceD by: (1) the verdict being against the weight of evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias." *Mike's Train House, Inc. v. Lionel, LLC*, 472 F.3d 398, 405 (6th Cir. 2006) (quoting *Holmes*

*v. City of Massillon*, 78 F.3d 1041, 1045–46 (6th Cir. 1996)).

## II.

Plaintiff contends that he is entitled to a new trial because he claims (1) each juror was white and seemed to be biased in favor of the all-white defense; (2) the court did not rule on his motion to exclude admission of his 1994 prison misconduct ticket; (3) defense counsel used the 1994 misconduct to suggest that Plaintiff "hate[s] all white People"; (4) defense counsel disparaged Plaintiff's witness, B.J. Murray, by referring to his criminal sexual conduct and history of sexual abuse; (5) defense counsel compared the credibility of Defendants based on their status as Correctional Officers and "good working men" whereas Plaintiff is a prisoner; (6) the Court did not admit into evidence a video deposition of witness B.J. Murray; and (7) the Court did not permit the jury to review the text of Plaintiff's complaint. Plaintiff contends that, as a result, his trial was unfair and prejudiced him. Defendants have not responded to Plaintiff's motion.

**A. Jury Composition**

Plaintiff first argues that the jury panel was white, and "[i]nitially while from the surface they didn't appear racial prejudice, they did appear to be bias to the extent of favoring the defense (ALL WHITE) over the Plaintiff (Black) . . .". (Pl.'s Mot. at ¶ 2.) Plaintiff is not entitled to a jury of a specific racial composition. The Court construes his claim as a *Batson* challenge to the exclusion of jurors on account of race. *See Batson v. Kentucky*, 476 U.S. 79 (1986); *Edmonson v. Leesville Concrete Co., Inc.,* 500 U.S. 614, 630–31 (1991) (extending

*Batson* to civil trials). The Sixth Circuit applies a three-part approach to *Batson* challenges:

> To establish a[n] equal protection violation under *Batson*, the claimant must first establish a *prima facie* case of racial discrimination. . . . If the claimant establishes a *prima facie* case, the party exercising the peremptory must proffer a race-neutral explanation. . . . After the defending party offers its race-neutral justification, the challenging party must demonstrate that the purported explanation is merely a pretext for a racial motivation.

*Roberts v. Galen of Va., Inc.,* 325 F.3d 776, 780 (6th Cir. 2003) (quoting *McCurdy v. Montgomery Cnty.*, 240 F.3d 512, 521 (6th Cir. 2001)). Here, Plaintiff has failed to establish a *prima facie* case of racial discrimination. He has not identified which juror was excluded, whether defense counsel improperly used a peremptory challenge, or that Plaintiff objected on the record to the exclusion or proffered explanation for exclusion. *Cf. McCurdy*, 240 F.3d at 521 (noting the importance of an "explicit, on-the-record analysis of each of the elements of a *Batson* challenge"). Plaintiff has not suggested that a member of his race was removed from the venire, nor has he suggested that the venire itself does not meet the Sixth Amendment's fair-cross-section requirement. *See Duren v. Missouri*, 439 U.S. 357, 364 (1979). Therefore, Plaintiff's argument about the composition of the jury fails to show the trial was unfair.

**B. Exclusion of the 1994 Prison Misconduct**

Plaintiff's next arguments focus on the admissibility of his 1994 prison misconduct ticket related to threatening behavior. He first argues that the court did not rule on his pre-trial motion in limine to exclude evidence of the ticket. The Court cannot imagine every possibility for which evidence may be admitted, and the Court has discretion to wait to

3

determine admissibility at trial. Plaintiff's second related argument is that defense counsel used evidence of the 1994 prison misconduct ticket to suggest "by innuendo" that Plaintiff "hates all white people." Defense counsel used evidence of Plaintiff's prior misconduct to impeach Plaintiff's statement that he never engaged in a fight in prison, and to suggest motive for Plaintiff's lawsuit. Neither of these uses were impermissible. Fed. R. Evid. 404(b). Furthermore, Plaintiff had an opportunity at trial to rebut defense counsel's evidence by testifying that his 1994 ticket was not coded as "fighting." Defense counsel's use of the 1994 ticket for impeachment purposes did not cause the jury to reach a seriously erroneous result or cause the trial to be unfair.

**C. Testimony from Witness B.J. Murray**

Plaintiff argues that defense counsel impermissibly referred to witness B.J. Murray's conviction for rape and criminal sexual misconduct ("CSC") and disparaged Mr. Murray's character by referring to the on-going sexual abuse that Mr. Murray suffered while in prison. Plaintiff filed a motion in limine "barring any and all irrelevant and prejudicial evidence," including reference to "RAPE/CSC." The Court ruled to exclude evidence of Plaintiff's CSC conviction, but it did not construe Plaintiff's motion in limine so broadly as to contemplate any other reference to "RAPE/CSC." Such a broad pre-trial ruling to exclude evidence is generally inappropriate. *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (1975) ("Orders in limine which exclude broad categories of evidence should rarely be employed. A better practice is to deal with questions of admissibility of evidence as they

4

arise.").

Moreover, Plaintiff "opened the door" to testimony about Mr. Murray's criminal conduct by asking Mr. Murray on direct examination why he was in prison. Plaintiff then failed to raise specific objections at trial during Defendant's cross-examination of Mr. Murray. The purpose of defense counsel's questions about Mr. Murray's history of sexual abuse in prison was to demonstrate Mr. Murray's motive for lying to support Plaintiff and Plaintiff's motive for requesting a housing change. Such a purpose is permissible within the scope of Federal Rule of Evidence 404(b)(2). At any rate, Mr. Murray's testimony was such that the jury was as likely to find him a sympathetic witness as to find him odious. Finally, the Court limited any unfair prejudice or impermissible inferences from Mr. Murray's criminal conviction by delivering explicit instructions to the jurors, telling them that the evidence of his conviction could only be used to evaluate credibility. Juries are presumed to follow instructions, and Plaintiff does not rebut this presumption. *See Washington v. Hofbauer*, 228 F.3d 689, 705 (6th Cir. 2000). The Court does not find that the testimony that defense counsel elicited from Mr. Murray unfairly influenced the proceedings with prejudice.

### D. Defense Counsel's Closing Argument

Plaintiff contends that Defendants' closing argument improperly influenced the jury. During Defendants' closing argument, defense counsel suggested that Defendants were inherently more credible than Plaintiff because the Correctional Officers were hard-working men on the right side of the law, whereas Plaintiff was a prisoner who would not be released

5

for some time. Counsel's statements were inappropriate. Nevertheless, to be entitled to a new trial based on statements made during the closing argument, Plaintiff must show "both that the closing argument was improper and that [Plaintiff] was prejudiced by the impropriety, that is, that there is a reasonable probability that the jury's verdict was influenced by the improper argument." *Fuhr v. Sch. Dist. of City of Hazel Park*, 364 F.3d 753, 760 (6th Cir. 2004). The Court "must examine . . . the totality of the circumstances, including the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, the manner in which the parties and the court treated the comments, the strength of the case (e.g., whether it is a close case), and the verdict itself." *City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749, 756 (6th Cir.1980). Here, improper comments made by defense counsel as to the comparable credibility of the Correctional Officers were limited to the closing argument and did not "permeate[] the entire trial . . . in a continuing pattern of misconduct." *City of Cleveland*, 624 F.2d at 758. *Cf. Michigan First Credit Union v. Cumis Ins. Soc., Inc.,* 641 F.3d 240, 249–50 (6th Cir. 2011). In addition, the jury was instructed that the arguments of counsel are not evidence. Thus, any impermissible prejudice was cured. The defense counsel's closing arguments did not improperly influence the jury verdict.

**E. Admission of Video Deposition**

Plaintiff next contends that the Court erred by not admitting the video deposition of witness B.J. Murray. Contrary to Plaintiff's claim that the deposition "was never stricken from evidence," the video was never admitted into evidence. The video deposition constitutes

inadmissible hearsay under Federal Rules of Evidence 801(c) and 802. Plaintiff did not move to enter the video deposition into evidence under a possible exception to the rule against hearsay, nor were there grounds to do so under Rules 801, 803, or 804. Witness Murray was available to testify at trial, and Plaintiff had an opportunity to examine him and explore whatever topics he covered during the deposition. Exclusion of the video deposition did not cause the trial to be unfair.

**F. Admission of Complaint**

Last, Plaintiff argues that he was prejudiced when he was not permitted to enter his complaint into evidence and allow the jury to review the complaint in their deliberations. The complaint is not relevant evidence under Federal Rule of Evidence 401 because it has no tendency to make a fact more or less probable, nor is it of consequence in determining the action. The complaint merely recites Plaintiff's cause of action. Plaintiff had a thorough opportunity to present all information contained within the complaint by presenting his case at trial.

### III.

The majority of Plaintiff's grounds for moving for a new trial are based on the admission of prejudicial evidence. In every trial, parties will present evidence that is prejudicial to the opposing party. Such evidence is inadmissible when its probative value is *substantially outweighed* by a danger of *unfair* prejudice. *See* Fed. R. Evid. 403. A jury's verdict will only be overturned based on "evidentiary errors . . . if they were not harmless."

7

*Mike's Train House, Inc.*, 475 F.3d at 409. Here, there were adequate limiting instructions, few timely objections to the admission of the contested evidence, and the contested evidence was not dispositive, or even substantive, evidence that went to the heart of Plaintiff's claims. The Court finds that Plaintiff has not shown a new trial is warranted on the bases that the jury reached a seriously erroneous result due to unfairly prejudicial evidence, or that the jury composition violated Sixth Amendment requirements.

    For the reasons stated herein, Plaintiff's motion for a new trial will be denied. An order consistent with this opinion will be entered.


Dated: <u>December 5, 2014</u>　　　　　　　　　　　<u>/s/ Robert Holmes Bell</u>
　　　　　　　　　　　　　　　　　　　　　　ROBERT HOLMES BELL
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE